IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DeJESUS COLLINS, #366-774, #1746-140,   *

Plaintiff                                *

v.                                       *    Civil Action No. JKB-19-480

WARDEN ALLEN GANG, JESSUP                *
   CORRECTIONAL INSTITUTION,[1]
DIRECTOR MS. HARGRAVE,                   *
LT. FILLS,
                                         *
Defendants

***
**MEMORANDUM OPINION**

Self-represented Plaintiff DeJesus Collins, a State prisoner incarcerated at Jessup Correctional Institution ("JCI") in Jessup, Maryland, filed an unverified[2] complaint pursuant to 42 U.S.C. § 1983 alleging he has been denied adequate medical care after falling while navigating through a metal detector on September 12, 2018. Collins alleges generally that he was subjected to "guard brutality and harassment" and asks for appointment of counsel.[3] ECF 1, pp. 2-3.[4] Now

---

[1] The Clerk shall amend the docket to reflect the full name of Jessup Correctional Institution Warden Allen Gang.

[2] Collins provides no declaration or affidavit in support of his lawsuit.

[3] A pro se prisoner does not have a general right to counsel in a § 1983 action, *see Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (unpublished), and a district judge will exercise discretionary authority to appoint counsel pursuant to 28 U.S.C.§ 1915(e)(1) under "exceptional circumstances." *Id.* at 170; *Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Such circumstances are not apparent here.

[4] In a supplement attached to the complaint, Collins states that on December 28, 2018, he was assaulted by Officer Oluwaseun Ogundyile. ECF 3. That allegation is unrelated to the September 12, 2018, incident and will not be addressed here.

pending is an unopposed[5] Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed by JCI Warden Allen Gang, the only named defendant served in this case.[6] ECF 16.[7] For the reasons stated below, defendant's dispositive motion, construed as a motion for summary judgment,[8] will be granted.

**Background**

Collins states that around 11:15 a.m. on September 12, 2018, while using his walker to return from the Medical Department, he was told by Lt. Fills to "get on the met[t]al detector I told them I can't do it, because I have a walker and cannot walk without it....They said to do it, and I did and I fell." ECF 1, pp. 2-3. Collins asks "for an injunctions [*sic*] relief because of the inadequate medical care and guard brutality and harassment." ECF 1, p. 3.

Counsel for Warden Gang provides exhibits demonstrating that Collins did not file an administrative grievance relating to this slip-and-fall incident, but nonetheless received medical attention for his claimed injury caused by this alleged incident. ECF 16-1, pp. 11-12. Counsel

---

[5] Consonant with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 14, 2019, the Clerk notified Collins that Defendant Gang had filed a dispositive motion. *See* ECF No. 17. He was informed of his right to file a timely written response and of the possibility that, if he failed to respond, the case could be dismissed or a judgment entered against him without further notice. *Id.* To date, no responsive pleading has been received from Collins.

[6] Because there is no member of the correctional staff named Lt. Fills, service of process was not accepted on behalf of this defendant, whose sole role in the alleged incident involved telling Collins to walk through a metal detector. *See* ECF 16-1, p. 2 n.1. Collins also names "Director Hargrave" in the caption of his complaint but raises no allegations against this individual who is otherwise unidentified. Hargrave likewise is entitled to dismissal from suit.

[7] This opinion cites to the pagination assigned by the Court's electronic docket.

[8] Defendant's dispositive motion is treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 because materials outside the original pleadings have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

further argues that Gang is entitled to Eleventh Amendment immunity for any claim against him in his official capacity and that Gang cannot be held liable under the doctrine of respondeat superior. ECF 16-1, pp. 13-16.

**Applicable Legal Standards**

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can either ignore a clear failure in the pleading to allege facts that set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination "[t]he district court...must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

A motion for summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.

3

1979)).

When ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). Nevertheless, a party who bears the burden of proof on a particular claim must factually support each element of his claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the non-moving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

**Analysis**

Collins did not exhaust administrative remedies concerning the incident prior to filing suit as required under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner; rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). A claim that has not been exhausted may not be considered by this Court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory, *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1857 (2016), and a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

The grievance process for Maryland prisoners is set forth at Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), §§ 10-201 *et seq.*; Md. Code Regs. ("COMAR") 12.02.28.02(1)

(defining ARP). The grievance process begins with the filing of an Administrative Remedy Procedure ("ARP") complaint filed with the Warden within 30 days of an incident. COMAR 12.02.28.09(B). If the Warden or managing official denies a prisoner's initial ARP or fails to respond to the ARP within the established time frame, an appeal may be filed with the Commissioner of Correction. While Collins filed seven ARP grievances concerning his medical care following the September 12, 2018, incident (*see* ECF 16-3, Decl. of Erika Fitch, with attached records), he did not appeal the denial of those grievances.

Even if exhaustion had occurred prior to the filing of this lawsuit, the Eleventh Amendment to the United States Constitution would prohibit any claim for damages against Warden Gang in his official capacity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted). Warden Gang is a State official, *see* Md. Code Ann., State Gov't § 12-101(a) (2015) (defining "state personnel"), and is entitled to assert a defense of Eleventh Amendment immunity. *See* Md. Code Ann., State Gov't § 12-104(a); *Dyer v. Maryland St. Bd. of Edu.*, 187 F. Supp. 3d 599, 611 (D. Md 2016).

Further, the record does not support any claim for denial of medical care in violation of the Eighth Amendment. Collins complained to health care personnel on September 12, 2018, that he fell by the x-ray machine, hitting his knee on the floor and his back on the wall. ECF 16-7, p. 11. Officers who brought Collins to the health department denied he fell. *Id.* Collins asked for Percocet, which was not provided, and medical staff found no bruising. *Id.*

The next day, September 13, 2018, Collins continued to complain of pain caused by the fall but declined an x-ray of his knees. Instead, he again sought pain relief and requested Percocet. ECF 16-7, p. 14.

5

X-rays of his hip, pelvis, and lumbar spine, taken September 25, 2018, showed no evidence of acute fracture, dislocation, or subluxation. ECF 16-7, pp. 16-17. Despite the absence of any outward evidence that a fall occurred, Collins's claims of injury were taken seriously. An attempt to discern if he had sustained an internal injury revealed no treatable condition.

A claimed Eighth Amendment violation for lack of medical care is not supported where, as here, medical staff simply decline to provide pain relievers demanded by an inmate without evidence of an injury requiring it. Moreover, the undisputed evidence establishes that Collins was not harmed as a result of any alleged misconduct. Without any specific allegations implicating Gang, the only served defendant, in any wrongdoing, there is no basis for a claim against him, as liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Outside of naming Gang as a defendant, Collins makes no specific allegation against Warden Gang.

Assuming Collins names Gang merely because he is the Warden, Collins's claim fails. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials in the context of a § 1983 complaint "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). The record in this case does not support such a claim.

No factual basis exists to believe that Collins was injured as described; consequently, there can be no claim that the Warden tacitly authorized untoward conduct by his employees or failed

6

to secure necessary medical treatment for the prisoner. Thus, Defendant Gang is entitled to summary judgment.

## Conclusion

The undisputed record establishes that although actual injury caused by a fall is not apparent on this record, Collins received medical care to rule out his health concerns. No basis exists to hold defendant Gang liable for the incident. Additionally, Collins failed to exhaust administrative remedies concerning the alleged incident prior to filing suit.

Accordingly, the unserved named defendants are dismissed without prejudice and the dispositive Motion filed by defendant Gang, construed as a motion for summary judgment, will be granted. A separate order follows.

Dated this 21 day of October 2019.

FOR THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge